IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

5:20-cv-1105

| | |
|---|---|
| DEREK JOSEY<br>    Plaintiff,<br>v.<br>NEW YORK STATE DEPARTMENT OF CORRECTIONS<br>DETECTIVE REYNOLDS, POLICE OFFICER JOHN DOE,<br>103rd PRECINCT 168-02, 91st. AVE., JAMAICA, NY 11432<br>JUDGE BARRY KRON, ADA SHAWN CLARK<br>    Defendant's | 42 U.S.C. §1983<br><br>Jury trial demanded  |

On November 25,1988 at 2:30a.m., I called a taxi from my home of 106-36, 159th Street apartment 4-D to take me to the hospital. While I was waiting my taxi, I heard a horn from a block away. I assumed this was my taxi and exited my home. I was in a lot of pain and when I reached the block of 108-02,159th Street, Four people who never identified themselves as police officers got out of a car pointing their guns at me while yelling at me to get on the ground. Naturally, I feared for my life and begged the strangers not to kill me and I even offered them my money. The Four strangers began holding me and punching me in my head and body and then handcuffed me and took me to the 103rd Precinct on 168-02, 91st. Avenue, Jamaica, NY 11432-5229. This is assault and excessive force a violation of the Fourth Amendment constitutional right, this conduct makes a lawsuit alleging excessive force a federal claim. These claims are brought under 42 U.S.C. Section 1983 of the Civil Rights Act of 1871. The police never identified themselves or read my Miranda Rights. While at the precinct the officers put me in a holding pen, and it was at this point that I had a nervous breakdown and began hurting myself. This was absolute duress. The police called the ambulance and I was taken to the hospital. Upon arrival to the hospital the police began beating me again until a nurse came into my room and put a stop to it. After I was assessed by the physician it was determined that I be taken to a psychiatric hospital since I was an imminent danger to myself. Unknown police came to my bed side and advised me that I needed to tell the doctor that I was alright so that he could appear in court. When I got to court, the judge advised me that a warrant had been issued for me and he had to investigate why and advised me that my case would be called on the second call. I was completely panic stricken. As I was being taken back to the holding cell this is when I passed out and the court called the 103rd Precinct to return me to the Queens Hospital Center located at 82-68 164th Street Jamaica, NY 11432. At the hospital I asked

the officers to use the bathroom, I was taken from my bed with one handcuff on my right hand and when he was done the officer put the handcuff back on my right wrist and began leading me back to my bed. When the officer and I reached the emergency room, I pulled away from the officer and ran outside with no clothes on and ran across the street in a backyard and jumped a fence, the officer who chased me jumped the fence and <u>fell on his face</u>. I got away and subsequently the police charged with assaulting an officer and escape. I was unaware that the judge had informed my attorney that on second call he was going to release me on my own recognizance and dismiss the assault charge. I learned this after I was arrested in upstate New York on March 19,1998, when officer Reynolds who was the arresting officer transported me back to New York. While on the highway detective Reynolds was sitting next to me in the back seat. Detective Reynolds asked me what I had in my hands. I answered and said that I had nothing in my hands, and this is when Detective Reynolds told his partner that I had to use the bathroom and instructed his partner to pullover. Detective Reynolds partner began to reach over me to open the car door and this is when I tried to stop him from opening the door. If detective Reynolds and his partner were not going to seriously injure or even Murder me, then why did they attempt to pullover in a secluded area for no reason. As a state police officer pulled up and asked Detective Reynolds and his partner what was going on, I began to yell that Detective Reynolds and his partner are trying to kill me and I informed the state police that I did not have to use the bathroom. The state police advised detective Reynolds and his partner that if I had to use the bathroom then there is a bathroom in the state police barracks up the road. I told the state police officer that I did not have to use the bathroom and that detective Reynolds, and his partner were trying to kill me in the middle of nowhere. This is when the state police officer asked detective Reynolds and his partner for their ID's and wrote down their names and mine as well. I know that detective Reynold and his partner were going to murder me and transport my body back to New York and hang him me in a cell and say that I committed suicide if the state police had not intervened. I waited two and a half years for trial and during this time I had been assigned seven lawyers and at no time did any of the assigned defense counsel ever pay me a legal visit. During my trial I was denied representation and three of the seven lawyers testified at a hearing that I had made threats to them and their family. I was never allowed to confront his accusers and impeach the officer's credibility or to offer evidence that there were no drugs in my possession and that he never assaulted an officer. My trial went before Four different judges who wanted nothing to do with the case and it was reassigned to judge Barry

Kron the same judge who presided over it on April 17, 2001 and disqualified himself. This demonstrates that at least Four judges disqualified themselves as did judge Barry Kron. Defense counsel should have put in for a change of venue and this would have created an appealable issue. Instead the judge Kron who initially recused himself heard the case in conflict and had the nerve to comprise a jury of law enforcement and the families of law enforcement. I was denied the affective assistance of counsel and the right to a fair trial. Judge Barry Kron started trial and at a hearing I advised judge Kron that I did not want any of my former attorneys to be re-assigned since I had not heard from any of them in months, the investigator had not done his job and I had been locked up for months. This violated my right to a speedy trial. In the three years that I had already been in custody I had no paperwork as to why I was incarcerated. The attorney I had at the time told judge Kron that he thought I had my paperwork and since I already had six lawyers prior that he was not holding up the hearing and advised me that a lawyer would visit me so that they could form a defense for trial. The next time I saw an attorney was two months later in June and he was advising me that I was going to trial that same day. I advised the attorney that I would not participate and that I wanted a new lawyer. Judge Barry Kron told the attorney that he was holding a forfeited hearing to see if I forfeited my right to counsel. Judge Kron held a hearing without me and defense counsel testified against me and never objected. The jury room felt like 20 below zero. Two police officers took the stand and testified against me during my trial. During this time, my standby counsel sat at the table with the prosecutor with two police officers in between us, preventing any communication between myself and my standby counsel. This is no counsel at all, and the criminal proceedings were unfair as a whole and according to controlling law require the state to reverse my convictions for escape, assault on a police officer and for the possession of drugs charges. Because of the danger that detective Reynolds and his partner put me in, under Article 35 I had a right to act in self-defense and flee from Reynolds and his partner. Judge Korn is liable because when he violated my civil rights, he lost his immunity because he acted as an individual and not a judge. Constitutionally and in fact of law and judicial rulings, state-federal "magistrates-judges" or any government actors, state or federal, may now be held liable, if they violate any Citizen's Constitutional rights, privileges, or immunities, or guarantees; including statutory civil rights. *Forrester v. White, 484 U.S. at 227-229, 108 S. Ct. at 544-545 (1987); Westfall v. Erwin, 108 S. Ct. 580 (1987); United States v. Lanier (March 1997)*. Marbury v. Madison, 5 U.S. (2 Cranch) 137, 180 (1803), Pulliam v. Allen, 466 U.S. 522 (1984); 104 S. Ct.

3

1781, 1980, 1981, and 1985, Mireles v. Waco, 112 S. Ct. 286 at 288 (1991), Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974), Rankin v. Howard, 633 F.2d 844 (1980), U.S. Fidelity & Guaranty Co. (State use of), 217 Miss. 576, 64 So. 2d 697, U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882), Zeller v. Rankin, 101 S. Ct. 2020, 451 U.S. 939, 68 L. Ed 2d 326,. None of the state actors who acted under color of law, have immunity under the Eleventh Amendment either, see Burton v. United States, 202 U.S. 344, 26 S. Ct. 688 50 L. Ed 1057. Butz v. Economou, 98 S. Ct. 2894 (1978); United States v. Lee, 106 U.S. at 220, 1 S. Ct. at 261 (1882) Cannon v. Commission on Judicial Qualifications, (1975) 14 Cal. 3d 678, 694, Geiler v. Commission on Judicial Qualifications, (1973) 10 Cal.3d 270, 286, Gonzalez v. Commission on Judicial Performance, (1983) 33 Cal. 3d 359, 371, 374 , Olmstead v. United States, (1928) 277 U.S. 438, Perry v. United States, 204 U.S. 330, 358, Ryan v. Commission on Judicial Performance, (1988) 45 Cal. 3d 518, 533, U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882), Warnock v. Pecos County, Texas, 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

  The police had no right to fabricate charges and evidence against me. But for the unprofessional violent conduct of the police I would not be in custody and would not have endured the cruel and unusual punishment or been charged with manslaughter. The state failed to protect me, and the inaction has been given the force of law *Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970)*. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Acting under color of [state] law is misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law Thompson v. Zirkle, 2007 U.S. Dist. LEXIS 77654 (N.D. Ind. Oct. 17, 2007). I was railroaded by the 103rd Precinct, Judge Kron and ADA Shawn Clark who continue to cover up the truth by obstructing justice. None of what is in the record or according to witnesses is subjective because every word to the last detail is evidenced in the record. I also was housed in the Special Housing Unit for SHU for over Seventeen years and my longest sanction was Eighty-Four Months. I am the only inmate in New York state that was sentenced to Eighteen years in the

box for one incident. That means that the state has acted in reckless disregard and indifference to my federally protected right to equal protection. I was treated this way because of my mental challenges and because I am a poor Black Man. The only reason that I am sentenced as such was to give the state enough time to murder me to cover up police brutality, rape, and cruel and unusual punishment. My claims are for police brutality, obstruction, wrongful conviction and false arrest, malicious prosecution. My continued imprisonment constitutes a continuing violation and the statute of limitations is tolled by the fraud upon the court. WHEREFORE, I pray for $200,000,000 (TWO HUNDRED MILLION DOLLARS), in punitive damages. The Eleventh Amendment does not apply to

Derek Josey 01A5108
Auburn Correctional Facility
PO Box 618
Auburn, NY 13204-9000

September 10, 2020

Derek Josey
Auburn Correctional Facility
P.O. Box 16
Auburn NY 13024

U.S. District Court
100 S. Clinton St.
Syracuse NY 13202

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
SEP 18 2020
RECEIVED